NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2729
_____

UNITED STATES OF AMERICA

v.

THURMAN STANLEY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cr-151-01)
District Judge:  Hon. James M. Munley
_____

ARGUED
March 12, 2018

Before:  JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Filed: May 10, 2018)
_____

Shelley L. Centini   [ARGUED]
Dyller Law Firm
88 North Franklin Street
Gettysburg House
Wilkes-Barre, PA   18701
        *Counsel for Appellant*

Bruce D. Brandler
Francis P. Sempa   [ARGUED]
Office of the United States Attorney
235 N. Washington Avenue – Ste. 311
P.O. Box 309
Scranton, PA   18503
    *Counsel for Appellee*

———————————

OPINION[*]
———————————

JORDAN, *Circuit Judge*.

Thurman Stanley appeals his sentence and argues that the District Court erred by requiring him to comply with the registration requirements of the Sex Offender Registration and Notification Act ("SORNA").  We will affirm.

## I.    Background

Stanley was charged with eleven counts relating to various sex trafficking and controlled substance offenses, in violation of 18 U.S.C. §§ 2, 1591(a), 1591(b)(1), 1594(a), 2421 and 21 U.S.C. § 841(a)(1).  Pursuant to a plea agreement, he pled guilty to four counts related to transporting individuals in interstate commerce to engage in prostitution and unlawful possession with intent to distribute controlled substances.  The government dismissed the remaining counts.

The plea agreement contained a provision discussing sex offender registration, as follows:

> The defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and location of any school that defendant is attending.

(App. at 64.) According to the terms of the agreement, failure to comply with those requirements and other obligations could "subject [Stanley] to prosecution under federal law." (App. at 65.)

The probation officer prepared a presentence report ("PSR") before Stanley's sentencing hearing. Consistent with the plea agreement, the PSR recommended that the District Court impose, as a special condition of Stanley's supervised release, that he comply with SORNA's registration requirements. Stanley objected to those registration requirements in his sentencing memorandum and at his sentencing hearing, arguing that his conduct did not meet SORNA's definition of a "sex offense." *See* 42 U.S.C. § 16911(5) (2017)[1] (defining "sex offense" for purposes of SORNA).

The Court ultimately imposed a punishment that, among other things, conditioned Stanley's supervised release on his compliance with SORNA's registration requirements. With respect to that condition, the Court's order reads, "You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense." (App. at 6.)

Stanley timely appealed.

---

[1] Recodified at 34 U.S.C. § 20911(5).

## II. Discussion[2]

Stanley argues that we must vacate the portion of his sentence requiring him to register as a sex offender. We disagree because he waived his right to challenge SORNA's applicability when he entered into a plea agreement with the government that clearly states the necessity of complying with SORNA's registration requirements.

Plea agreements are analyzed using contract law principles. *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007). We must "strictly construe the text against [the government] when it has drafted the agreement," and thus we resolve any ambiguities against the government. *Id.* (alteration in original) (citation omitted). But there is nothing ambiguous here. Plea agreements have to "work[] both ways," binding the government and the defendant alike to their conditions. *Id.* (citation omitted). We have said that "[a defendant] cannot renege on his agreement." *Id.* (citation omitted). A defendant who stipulates to a point in a plea agreement cannot later make arguments taking a contrary position. *Id.* When a defendant seeks the benefits of a plea agreement without its burdens, we have "no difficulty" saying no. *Id.* (citation omitted).

Here, the plea agreement plainly states that Stanley must comply with SORNA. As noted earlier, it says

> [t]he defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act ***and*** that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

> location of residence; the location of employment; and location of any school that defendant is attending.

(App. at 64 (emphasis added).)  That sentence contains two distinct and independent ideas joined by the conjunction "and."[3]  The first part of the sentence mandates that Stanley comply with SORNA's sex offender registration requirements.  The second part states that he needs to register or keep his registration current in each jurisdiction where he lives and works, "if applicable."  We interpret that second part to merely indicate that Stanley may not have to take any further action if he lives and works in a single location during the course of his supervised release.  The "if applicable" language need not and should not be imported into the first part of the sentence.  At bottom, Stanley agreed to comply with SORNA's registration requirements, and he cannot now discard the obligation he voluntarily accepted.

## III.    Conclusion

For the foregoing reasons, we will affirm the sentence in full.

---

[3]  The government could make the pertinent sentence in the plea agreement clearer still with a period, rather than an "and."

5